FILED
2021 JUN 2 AM 11:04
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN RAY BERRY,<br><br>Petitioner,<br><br>v.<br><br>MIKE HADDON,<br><br>Respondent. | **MEMORANDUM DECISION<br>AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:20-cv-00729-JNP<br><br>District Judge Jill N. Parrish |

Petitioner Kevin Ray Berry apparently attacks his state sentence and the execution of his sentence. 28 U.S.C.S. §§ 2241, 2254 (2021). After a rape conviction, he was sentenced on May 20, 2005 to five-years-to-life. (ECF No. 1-1 at 10.) He did not appeal. A 2014 state post-conviction petition was denied on June 11, 2019, a result that does not appear to have been appealed. (ECF No. 1 at 5.) The Utah Board of Pardons and Parole (BOP) decided Petitioner should serve out his life sentence without parole. (ECF No. 1-1 at 2.)

Under § 2254, Petitioner attacks his sentence, alleging his federal and state, (ECF No. 1-1 at 4), constitutional rights were violated by (1) Utah's indeterminate sentencing scheme, under which the state trial court "fail[ed] to pass sentence after conviction," (ECF No. 1 at 6); (2) the state trial court's failure to observe the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (*id.*; ECF No. 1-1 at 3); (3) his "excessive" sentence and the amount of time he is serving within his sentence outside "the matrix" or guidelines (*id.* at 6–7); (4) ineffective assistance of counsel due to defense attorney (a) supposedly telling him that, under the matrix, he would serve less than life, (ECF No. 1-1 at 2), and (b) not filing notice of appeal, (*id.* at 7).

Under § 2241, Petitioner attacks the execution of his sentence, alleging his federal constitutional rights were violated by UBOP's decision that he must serve out his natural life, under the terms of his five-to-life sentence.

The petition must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998) (quotations and citations omitted). To survive the court's screening of the petition, the Petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## I. UTAH'S INDETERMINATE SENTENCING SCHEME

Petitioner challenges the constitutionality of Utah's indeterminate-sentencing scheme. He appears to assert that Utah's indeterminate sentencing scheme, under which—upon conviction—the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely v. Washington*, 542 U.S. 296, 308 (2004). Finally, Petitioner's assertion that the state trial court did not pass sentence after conviction is flatly wrong: The trial court clearly ordered a sentence of five-years-to-life. (ECF No. 1-1 at 10.)

The court thus proposes to deny relief on this component of Petitioner's claims.

## II. *APPRENDI*'S APPLICATION

*Apprendi* is inapplicable here. *Apprendi* holds that, generally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

2

proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner apparently uses *Apprendi* to argue that BOP should not have been able to "increase" his sentence without a jury's findings. However, the trial court set the sentence at the time of conviction, not during the BOP's review of the time to be served within the sentence. BOP is never able to increase Petitioner's term of service beyond his trial-court-imposed sentences of five-years-to-life and has proposed to do nothing more. And so BOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to his life's end. Under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled.

### III. BOP'S AUTHORITY TO DETERMINE ACTUAL TERM OF IMPRISONMENT WITHIN SENTENCING RANGE

Plaintiff argues that UBOP unconstitutionally departed from state sentencing guidelines—i.e., "the matrix"—in determining whether to grant him parole. Petitioner challenges UBOP's authority to determine his actual term of imprisonment within his sentence of five-years-to-life. Petitioner possibly argues that BOP should not have been able to "increase" his sentence. However, the sentence was determined by the trial court at the time of conviction, not during UBOP's review of the term of service within the sentence. UBOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentence of five-years-to-life and has done nothing more. So UBOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to life in prison. Again, under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled and has no right to be released before the end of his sentence—i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

## IV. STATE-LAW ISSUES

The court next addresses Petitioner's possible assertion that Utah law was violated. However, it is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## V. EXCESSIVE SENTENCE AND INEFFECTIVE ASSISTANCE OF COUNSEL

These are § 2254 claims because they challenge Petitioner's conviction and sentencing.

Federal statute sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2021). The period runs

> from the latest of—. . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Petitioner was sentenced on May 20, 2005. (ECF No. 1-1 at 10.) The earliest that Petitioner could have discovered that defense counsel did not file a notice of appeal (presumably on the issue of the excessive sentence), as counsel allegedly promised to do, was June 21, 2005—the day after the notice of appeal was due. To comply with the one-year period of limitation for filing a federal petition, Petitioner would have had to file by June 21, 2006. Still, this federal petition was not filed until October 21, 2020, more than fourteen years later.

And, regarding the issue of defense counsel allegedly securing Petitioner's guilty plea by assuring Petitioner that he would serve no more time than "10 yrs to 15 yrs because of the guidelines," (ECF No. 1-1 at 2), Petitioner goes on to say that, at the time he wrote his petition, he was "17 years here in prison." (*Id.*) So, ten to fifteen years into his incarceration, Petitioner would have realized that he was not released according to his attorney's "promise," but he had been imprisoned for seventeen years by the time he brought this petition. Still—giving Petitioner every benefit of the doubt—this petition was not filed until more than one year after the very latest Petitioner could have realized he was in prison past the time his attorney allegedly promised.

## A. STATUTORY TOLLING

By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2021). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same). Because Petitioner apparently did not have any state post-conviction cases pending during any running of the period of limitation, no limitation period was tolled.

## B. EQUITABLE TOLLING

Accordingly, Petitioner has no ground for statutory tolling. And the court cannot discern any grounds for equitable tolling.

5

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

## VI. CONCLUSION

**IT IS ORDERED** that Petitioner must within thirty days **SHOW CAUSE** why this petition should not be denied based on the above analysis.

DATED June 2, 2021.

BY THE COURT:

*Jill N. Parrish*
―――――――――――――――――――
Jill N. Parrish
United States District Court Judge