THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KEVIN RAY BERRY,<br><br>    Petitioner,<br><br>v.<br><br>MIKE HADDON,<br><br>    Respondent. | MEMORANDUM DECISION<br>AND DISMISSAL ORDER<br><br><br>Case No. 2:20-CV-729-JNP<br><br><br>District Judge Jill N. Parrish |

This Court ordered Petitioner to show cause, (ECF No. 2), why this federal habeas petition, (ECF No. 1), should not be dismissed on the following grounds, set forth with thorough explanation: (1) constitutionality of Utah's indeterminate sentencing scheme, (ECF No. 2, at 2); (2) inapplicability of the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (ECF No. 2, at 2-3); (3) lack of right to parole under the Federal Constitution, (*id.* at 3); (4) unavailability of remedies for state-law errors, (*id.* at 4); and (5) the running of the federal-habeas period of limitation on Petitioner's remaining substantive claims, (*id.* at 4-6).

Petitioner responded with several arguments against dismissal. The Court addresses each argument (set forth in bold type) in turn.

**(A) Petitioner alleges (i) coerced and involuntary plea bargain gained when state court and counsel gave false and limited information to Petitioner before and during his plea; (ii) counsel did not file notice of appeal; and (iii) excessive sentence**. (ECF No. 5, at 5, 7-8, 11-12, 25-26.) The Court's analysis in its Order to Show Cause, (ECF No. 2), remains relevant and

conclusive. The Court had set forth Petitioner's inexcusable failure to timely file this federal habeas petition, as follows in relevant part:

> These are § 2254 claims because they challenge Petitioner's conviction and sentencing.
>
> Federal statute sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2021). The period runs
>
>> from the latest of—. . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> *Id*. § 2244(d)(1).
>
> Petitioner was sentenced [with an allegedly excessive sentence] on May 20, 2005. (ECF No. 1-1, at 10.) The earliest that Petitioner could have discovered that defense counsel did not file a notice of appeal (presumably on the issue of the excessive sentence), as counsel allegedly promised to do, was June 21, 2005--the day after the notice of appeal was due. To comply with the one-year period of limitation for filing a federal petition, Petitioner would have had to file by June 21, 2006. Still, this federal petition was not filed until October 21, 2020, more than fourteen years later. . . .
>
> By statute, the one-year period may be tolled while a state post-conviction petition is pending. *See* 28 U.S.C.S. § 2244(d)(2) (2021). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner apparently did not have any state post-conviction cases pending during any running of the period of limitation, no limitation period was tolled. . . .
>
> So, Petitioner has no ground for statutory tolling. And the Court cannot discern any grounds for equitable tolling.

> "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

(ECF No. 2, at 4-6.)

To clarify, the period of limitation on each of these arguments--including Petitioner's new arguments in his order-to-show-cause response that, back in 2005, he was not told the details and effects of pleading guilty--expired by June 21, 2006, at the latest.

Petitioner also contends here that his mental illness should trigger equitable tolling of the period of limitation. (ECF No. 3, at 10-11.) Petitioner asserts that he "has been diagnosed with various mental health problems over the past 22 years." (*Id.* at 11.) This is a bid for the Court to conclude that extraordinary circumstances out of Petitioner's control tolled the period of limitation to render this petition timely.

Petitioner asserts his mental health stymied his pursuit of this litigation. However, Petitioner has not "elaborate[d] on how these circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. Apr. 21, 2008) (order denying certificate of appealability). For instance, he has not specified how, between June 21, 2005 and June 21, 2006, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him

3

to file even a bare-bones petition. He also does not suggest what continued to keep him from filing in the fourteen years beyond the limitation period or how extraordinary circumstances eased to allow him to file this habeas-corpus petition on October 21, 2020. Such vagueness is fatal to his contention that extraordinary circumstances kept him from a timely filing.

And as to mental disability, "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (quotations omitted); *see also Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished) ("[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as resulting in institutionalization or adjudged mental incompetence.") (citing *Fisher v. Gibson*, 262 F.3d 1135, 1143, 1145 (10th Cir. 2001)). Indeed, "'mental impairment is not *per se* a reason to toll a statute of limitations.'" *Rantz*, 577 F. App'x at 810 (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)); *see also Saenz-Jurado v. Colorado*, 329 F. App'x 197, 199 (10th Cir. 2009) (unpublished) (rejecting mental illness as basis for equitable tolling when Petitioner's "allegations on this point are conclusory and lack support in the record"). It is important to note that the Tenth Circuit "'has yet to apply equitable tolling on the basis of mental incapacity.'" *Rantz,* 577 F. App'x at 810 (quoting *McCall v. Wyo. Att'y Gen*., 339 F. App'x 848, 850 (10th Cir. 2009)); *see United States v. Howard*, 800 F. App'x 679, 680 (10th Cir. 2020) ("We have never found equitable tolling based on a claimant's mental capacity."). Finally, "'it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances

4

caused him to miss the original filing deadline.'" *Rantz,* 577 F. App'x at 811 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)).

Petitioner has not met his burden here; in other words, he has not specified any of these exceptional circumstances and linked such circumstances to actual dates and lack of mental capacity. He has not even hinted at an adjudication, institutionalization, or evidence that he suffered from such mental incapacity that it was *impossible* for him to pursue habeas claims. He has not explained how he was able to file a habeas case on October 21, 2020, but was not able to during the entire running of the period of limitation and fourteen years beyond. *See Sampson v. Patton*, 598 F. App'x 573, 575-76 (10th Cir. 2015) (denying equitable tolling based on assertion of mental illness when Petitioner did not specify or provide evidence of timeline of mental incapacitation); *Rawlins v. Newton-Embry*, 352 F. App'x 273, 275-76 (10th Cir. 2009) (unpublished) ("[Petitioner] does not provide a date or even a month to narrow the time frame-- she does not state when this nervous breakdown began, how long it lasted, or describe her level of impairment during this period."); *Brown v. Dinwiddie*, 280 F. App'x 713, 715 (10th Cir. 2008) (unpublished) (rejecting equitable tolling when there was a lack of a specific timeline linking mental illness to inability to pursue habeas claims).

Petitioner's assertion of mental illness therefore does not excuse him from filing his petition within the period of limitation.

**(B) "This case . . . provides an opportunity to resol[ve] confusion or inconsistency in a legal standard set forth in prior Utah appellate/Utah Supreme Court cases," and involves the interplay between "the provisions of Utah Code Ann. 76-3-401(4) and (6)(1) and (8) of**

**the statute."** (ECF No. 3, at 6, 18.) However, as this Court observed in its Order to Show Cause, regarding Petitioner's possible assertion that Utah law was violated:

> [I]t is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

(ECF No. 2, at 4.) Petitioner's arguments change nothing.

**(C) In practice, Utah's indeterminate-sentencing system causes poor outcomes, disparities, and sentences unsupported by evidence, and is unfair and inadequately reviewed.**

(ECF No. 3, at 14-17, 19, 26-27.) None of these arguments change the result here based on the law expressed in the Order to Show Cause:

> Petitioner . . . assert[s] that Utah's indeterminate sentencing scheme, under which--upon conviction--the trial judge imposes the sentence as a span of time, while the BOP determines the exact time to be served within the span, is unconstitutional. The same challenges were soundly rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1737 (2010). Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely v. Washington*, 542 U.S. 296, 308 (2004). Finally, Petitioner's assertion that the state trial court did not pass sentence after conviction is flatly wrong: The trial court clearly ordered a sentence of five-years-to-life. (ECF No. 1-1, at 10.)

(ECF No. 2, at 2.) The Court thus denies relief on this component of Petitioner's claims.

**(D) Because his sentence and Utah's incarceration policies are unjustified, Petitioner should serve less than the maximum sentence of life.** (ECF No. 3, at 20-22, 25.) But, as the Court explained in its Order to Show Cause:

> Plaintiff argues that [Utah Board of Pardons and Parole] UBOP unconstitutionally departed from state sentencing guidelines--i.e.,

6

> "the matrix"--in determining whether to grant him parole. Petitioner challenges UBOP's authority to determine his actual term of imprisonment within his sentence of five-years-to-life. Petitioner possibly argues that BOP should not have been able to "increase" his sentence. However, the sentence was determined by the trial court at the time of conviction, not during UBOP's review of the term of service within the sentence. UBOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentence of five-years-to-life and has done nothing more. So UBOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve up to life in prison. Again, under the Federal Constitution, Petitioner has no right to ever be considered for parole or paroled and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

(ECF No. 2, at 3.) This analysis stands.

## MOTION FOR APPOINTED COUNSEL

Petitioner possibly asks for appointed pro bono counsel to help him in this case. (ECF No. 3, at 24-25.) However, the Court notes that Petitioner has no constitutional right to appointed pro bono counsel in a federal habeas corpus case. *See United States v. Lewis*, Nos. 97-3135-SAC, 91-10047-01-SAC, 1998 U.S. Dist. LEXIS 21998, at *8 (D. Kan. Dec. 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a § 2254 petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2021).

The Court has reviewed the filings in this case and determines that justice does not require appointed counsel. First, Petitioner has not asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *9; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown "the ability to investigate the facts necessary for [the] issues and to articulate them in a

7

meaningful fashion." *Lewis*, 1998 WL 1054227, at *9; *Oliver*, 961 F.2d at 1343. Finally, the issues in this case appear "straightforward and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *9; *Oliver*, 961 F.2d at 1343. The Court thus denies Petitioner's motion for appointed counsel.

## CONCLUSION

**IT IS ORDERED** that:

(1) Based on the Court's Order to Show Cause analysis and Petitioner's failure to validly attack that analysis in response, the petition is **DENIED**.

(2) Petitioner's possible motion for appointed counsel is **DENIED**. (ECF No. 3, at 24-25.)

(3) A certificate of appealability is **DENIED**.

DATED this 2nd day of February, 2022.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court